UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AUGUST WAKAT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 25-CV-0389-CVE-SH |
| ) | |
| JOE ROBSON, FRANK ROBSON, ) | |
| FAIR OAKS RANCH, LLC, ) | |
| FAIR OAKS TOWNSHIP, and JOHN ) | |
| DOES AND JANE DOES 6-50. ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court is plaintiff's complaint (Dkt. # 2), plaintiff's motion to proceed in forma pauperis (Dkt. # 3), and plaintiff's motion for leave to file electronically (Dkt. # 4). Plaintiff August Wakat, proceeding pro se, states that he is a resident of Colorado and he owns land located in Wagoner County, Oklahoma. Plaintiff appears to be alleging that the City of Tulsa (the City) improperly annexed his land in 2001, and he claims that the land was taken without notice or an opportunity to be heard. Dkt. # 2, at 7. He alleges that the City has repeatedly fined him for zoning violations, and as a result he has been forced to close his automobile salvage business. Id. at 8. Plaintiff states that he has filed at least 38 cases in federal court and the state courts of Oklahoma, Texas, and Colorado concerning this matter. Id. at 26. Plaintiff could be asserting claims under 42 U.S.C. §§ 1983 and 1985, and he alleges that defendants have violated his rights under the Sixth and Fourteenth Amendments.[1] Id. at 11-12.

---

[1] It appears that plaintiff believes he has a Sixth Amendment right to compel a "meaningful investigation" into alleged governmental misconduct. Id. at 12. However, plaintiff has cited no Supreme Court or Tenth Circuit precedent to support this proposition, and the Court cannot independently find any authority recognizing this alleged constitutional right.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case"); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction"). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

As the Court has already noted, plaintiff has filed numerous cases without representation by an attorney, including at least nine other cases in the United States District Court for the Northern District of Oklahoma:

- August Wakat et al. v. City of Tulsa et al., Case No. 24-CV-564-JDR-MTS (N.D. Okla) - dismissing plaintiff's civil rights claims for failure to state a claim based on same allegations as the instant case, and the Honorable John D. Russell advised plaintiff that filing further lawsuits on the same matter could result in filing restrictions

- August Wakat v. Henry Winn et al., 25-CV-576-GKF-JFJ (N.D. Okla.) - the Honorable Gregory K. Frizzell dismissed plaintiff's petition for writ of

- mandamus seeking the filing of criminal charges against numerous public officials for an alleged "21st Century Land Heist"

- August Wakat et al. v. City of Tulsa et al., 25-CV-201-JDR-SH (N.D. Okla) - remanding criminal cases to Texas state court and awarding attorney fees to the non-removing party

- August Wakat et al. v. City of Tulsa, 25-CV-202-JDR-SH (N.D. Okla) - rejecting plaintiff's allegation that he is a "special agent of the Treasury Department" and remanding case to state court

- Henry J. Winn et al. v. August Wakat et al., 25-CV-206-JDR-SH (N.D. Okla.) - remanding foreclosure action to state court and awarding attorney fees to the non-removing party

- August Wakat v. Henry Winn et al., 25-CV-380-SEH-JFJ (N.D. Okla.) - plaintiff alleges that he purchased the property that is the subject of the instant case in 2016 pursuant to a undisclosed $12 million lien, and the case remains pending

- August Wakat v. Lamar Advertising Co. et al., 25-CV-381-JDR-JFJ (N.D. Okla.) - dismissing plaintiff's complaint alleging claims concerning billboard on his property with leave to amend, but advising plaintiff that continuing to file frivolous claims could subject him to filing restrictions

- August Wakat v. Okie Smoke.com Dispensary Inc., 25-CV-384-JDR-JFJ (N.D. Okla.) - breach of contract claims against owners of a dispensary and seeking recusal of Judge Russell, and the case remains pending

- August Wakat v. Plainview Salvage Inc. et al., 25-CV-386-GKF-JFJ (N.D. Okla.) - breach of contract claims against renters of a building owned by plaintiff, which plaintiff alleges is also the subject of an ongoing state court lawsuit, and the case remains pending

Plaintiff has filed a lawsuit in the United States District Court for the Eastern District of Oklahoma alleging that the judges handling his pro se lawsuits, including Judge Russell and Judge Frizzell, have conspired against plaintiff to impede his claim for benefits from the United States Department of Veterans Affairs, and he alleges that adverse court rulings have triggered his post-traumatic stress disorder. August Wakat v. United States Department of Veterans Affairs, 25-CV-254-RAW-JAR

(E.D. Okla.). Plaintiff has filed a lawsuit in the United States District Court for the District of Colorado alleging that Judge Frizzell and Clinton Johnson, the United States Attorney for the Northern District of Oklahoma, participated in the illegal annexation of the property that is the subject of this case. August Wakat et al. v. United States District Court for the Northern District of Oklahoma, 25-CV-1672-RTG (D. Colo). Plaintiff's filings reference numerous state court lawsuits he has filed in Oklahoma and Texas, and some of those cases involve the real property at issue in this case.

The Court has reviewed plaintiff's complaint in this case and finds no basis to exercise subject matter jurisdiction over this case. The Court is cognizant that plaintiff is proceeding pro se and his filings must be broadly construed. However, even under a liberal pleading standard, the Court can discern no possible claims against any of the named defendants. Plaintiff's complaint in this case is primarily a collection of allegations from his previous lawsuits, and he has previously been advised that these allegations do not state a colorable claim under federal law. Plaintiff cites 42 U.S.C. § 1983 in his complaint, but he makes no allegations that any of the named defendants are state actors. Plaintiff could be attempting to assert a claim under 42 U.S.C. § 1985(3), but he has not alleged a colorable § 1985(3) claim. This statute does not apply to purely private conspiracies "aimed at a right that is by definition a right only against state interference," and it applies only in limited instances where a conspiracy is "aimed at interfering with rights . . . protected against private, as well as official encroachment." Bray v. Alexendria Women's Health Clinic, 506 U.S. 263, 278 (1993). Plaintiff makes no attempt to show that his claims fall within the narrow parameters of a § 1985(3) claim. Plaintiff could also be attempting to allege claims against the City and City officials, but neither the City nor any City officials are named as defendants. The Court can discern no other

possible basis for a claim arising under federal law, and there are no allegations that plaintiff is attempting to assert state law claims that could support the exercise of diversity jurisdiction under 28 U.S.C. § 1332.[2]

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 2) is **dismissed** for lack of subject matter jurisdiction. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis (Dkt. # 3) and plaintiff's motion for leave to file electronically (Dkt. # 4) are **moot**.

**DATED** this 5th day of August, 2025.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[2] The Court declines to sua sponte consider whether plaintiff's claims are barred by res judicata or claim preclusion, but it is apparent that he has filed numerous lawsuits based on the same or similar factual allegations.